

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2002

# Shea v. Comm Social Security

Precedential or Non-Precedential:

Docket 01-2477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Shea v. Comm Social Security" (2002). *2002 Decisions.* Paper 225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2477


GERALD SHEA,

                                                            Appellant

                            v.

        *LARRY G. MASSANARI, ACTING
    COMMISSIONER OF SOCIAL SECURITY

            *(Pursuant to F.R.A. P. 43(c))



        Appeal from the United States District Court
          for the Eastern District of Pennsylvania
            (D.C. Civil Action No. 00-cv-04485)
          District Judge: Honorable Jan E. DuBois


        Submitted Under Third Circuit LAR 34.1(a)
                    January 18, 2002


          Before: ALITO and ROTH, Circuit Judges
                SCHWARZER*, District Judge

            (Opinion filed March 28, 2002)


     * Honorable William W Schwarzer, Senior District Judge for the Northern District
of California, sitting by designation.


                        OPINION


ROTH, Circuit Judge:

     Appellant Gerald Shea brought an action in the United States District Court for
the Eastern District of Pennsylvania, alleging that he was wrongfully denied Disability
Insurance Benefits by the Commissioner of Social Security under 20 C.F.R.   404.1520.
The District Court affirmed the decision of the Commissioner.  Shea appeals, arguing
that the Commissioner's decision to deny him Disability Insurance Benefits was not
supported by substantial evidence. The parties are familiar with the underlying facts and
history and we shall not repeat them here.
     The District Court has jurisdiction pursuant to 42 U.S.C.   405(g).  We have
appellate jurisdiction pursuant to 28 U.S.C.   1291.  Our review of the District Court
Order is limited to determining whether the District Court properly found that there is
substantial evidence to support the Commissioner's decision. See 42 U.S.C.   405(g) and

Plummer v. Apfel, 186 F. 3d 422, 427 (3d Cir. 1999). Substantial evidence has been defined as more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate. Id. (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). We find that the Commissioner's decision was supported by substantial evidence.

In determining such a claim for Disability Insurance Benefits, the Commissioner follows a five-step analysis. See 20 C.F.R. 404.1520. In following the five-step analysis, the Commissioner considers: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant is suffering from a severe impairment; (3) whether the claimant's impairment meets or equals the requirements of a listed impairment; (4) whether the claimant has the inability to return to his past work; and (5) if not, whether the claimant can perform any other work available in the national economy. See 20 C.F.R. 404.1520 (a)-(f). At steps one through four, the burden of proof is on the claimant whereas at step five the burden of proof shifts to the Commissioner. See 20 C.F.R. 404.1520 (f). The inquiry at issue for purposes of this case is step five.

Shea argues that the Commissioner did not rely on substantial evidence at "step five" to determine that he was found not to be disabled within the meaning of the Social Security Act because he was capable of performing a significant number of jobs in the national economy. He contends that in making this decision, the ALJ's reliance on the medical-vocational rules was improper under Sykes v. Apfel, 228 F. 3d 259 (3d. Cir. 2000) because the ALJ only relied on Dr. Mandel's exertional restrictions of his exam findings of Shea and not his nonexertional restrictions. In Sykes, we held that "grids cannot automatically establish that there are jobs in the national economy when a claimant has severe exertional and nonexertional impairments." Id. at 267. We agree with the District Court that the ALJ only determined that Shea had exertional impairments and not any nonexertional impairments. Thus, Sykes does not apply and the ALJ's reliance on the grids in the instant matter was wholly appropriate.

Shea also argues that the Commissioner's analysis is flawed at "step five" because he found Shea not to be illiterate. To be found illiterate under the Code, the claimant must have the inability to read or write. See 20 C.F.R. 404.1564(b)(1). By Shea's own admissions to Dr. Cooperstein and the ALJ, the District Court found that Shea is not illiterate. We also agree with this determination.

For the above reasons, we will deny Shea's petition to review the judgment of the Commissioner.

_____

TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Jane R. Roth
                    Circuit Judge